## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GILBERT P. HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| Hon. DAVID J. KAPPOS, | ) | |
| | ) | |
| Under Secretary of Commerce | ) | |
| for Intellectual Property and | ) | |
| Director of the United States Patent | ) | |
| and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF GILBERT P. HYATT'S COMPLAINT
### TO AUTHORIZE THE DIRECTOR TO ISSUE LETTERS PATENT

Plaintiff Gilbert P. Hyatt, by and through his attorneys Crowell & Moring LLP, alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action arising under the patent laws of the United States.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 35 U.S.C. § 145.

2.     The United States District Court for the District of Columbia is the appropriate venue for this action, pursuant to 28 U.S.C. § 1391(e) and 35 U.S.C. § 145.

## THE PARTIES

3.      The plaintiff is Mr. Hyatt, an inventor and recipient of over sixty U.S. patents.

4.      The defendant is the Honorable David J. Kappos, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States and Patent and Trademark Office.

## GENERAL ALLEGATIONS

5.      Mr. Hyatt is the owner and named inventor of certain patent applications filed with the United States Patent and Trademark Office ("PTO"), including the patent application that is the subject of this Complaint:  U.S. Patent Application Serial No. 08/456,398 ("the '398 application").

6.      The PTO has rejected claims of the '398 application as unpatentable, and has refused to issue a patent for the inventions claimed therein.

7.      During the administrative proceedings involving the '398 application, the PTO failed to apply or comply with applicable case law and the PTO's statutory and regulatory requirements in examining Mr. Hyatt's application, in reviewing the actions of the examiner, in reconsidering its own actions, and ultimately in refusing to issue a patent on the claimed inventions.

8.      The PTO granted extensions of time permitting Mr. Hyatt to file this civil action under 35 U.S.C. § 145 by September 27, 2009.

**CAUSE OF ACTION**
**(For Issuance of the '398 application)**

9.      Paragraph nos. 1-8 are incorporated herein by reference.

10.     Mr. Hyatt filed his '398 application, entitled "Improved Image Processing

Architecture," on June 1, 1995. As amended, the '398 application includes the following claims:

claims 21, 115, 327, 336-439 and 443-74 ("the pending '398 claims").   The pending '398 claims

generally relate to image processing such as data compression and decompression; databases; and

image rotation, translation, and expansion/compression. Each of the pending '398 claims is

patentable, the '398 application and the pending '398 claims satisfy all applicable statutory and

regulatory requirements, and the PTO should issue a patent on the '398 application.

11.     During the PTO's examination of the '398 application, a PTO examiner rejected

certain claims. The rejections included, *inter alia*, rejections under 35 U.S.C. § 112, first paragraph,

for allegedly lacking adequate written description support. Mr. Hyatt appealed the examiner's

rejections to the United States Patent and Trademark Office Board of Appeals and Interferences

(the "Board").  The Board sustained the rejections for some or all of the pending '398 claims.

Specifically, the Board sustained (i) the rejection of claims 116, 118, 119, 121, 122, 125, 175,

130, 137, 138, 142, 149, 154, 155, 160, 161, 167, 168, 173, 174, 178, 184, 185, 191, 196, 200,

204, 208, 212, 216, 220, 224, 228, 232, 234, 240, 244, 248, 252, 256, 260, 264, 268, 272, 276,

280, 282, 284, 285, 286, 288, 290, 292, 294, 296, 297, 298, 300-02, 303, 307, 308, 309, 310,

311, 312, 313, 314, 327, 336-62, 364-66, 368-428, 432-48, 449, and 456-63 under 35 U.S.C. §

112, first paragraph, for an alleged lack of written description support; (ii) the rejection of claims

121, 122,125, 168, 195, 199, 361, 444-46, 448, and 468 under 35 U.S.C. § 102 for alleged

anticipation; (iii) the rejection of claims 207, 211, 219, 235, 255, 267, 271, 275, and 287 under

35 U.S.C. § 103 for alleged obviousness; and (iv) the rejection of claims 422-24, 429-31, 443-45, and 449-51 under 35 U.S.C. § 101 for an alleged lack of patentable subject matter. In sustaining certain rejections of the Examiner, the Board failed to give proper consideration to Mr. Hyatt's reply brief before the Board. Mr. Hyatt then sought rehearing of the Board's decision. On rehearing, the Board sustained the rejections previously affirmed in its decision. Being dissatisfied with the decision of the Board, Mr. Hyatt now seeks relief from this Court as statutorily permitted under 35 U.S.C. § 145.

12.    The PTO made reversible errors of fact and law during its administrative examination and review, in that the PTO erred in rejecting the pending '398 claims and in refusing to grant a patent on the '398 application on these claims. The PTO's errors included the failure to apply the correct legal standards during its examination and review, and the failure to give proper consideration to the evidence of record.

13.    All of the pending '398 claims are patentable, satisfy the applicable statutory and regulatory requirements, and are entitled to be issued in a patent.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Hyatt respectfully requests that Judgment be entered for plaintiff, and that plaintiff be granted the following relief:

(i)    A decree that the PTO erred in concluding that the '398 application does not satisfy the requirements of the Patent Statute, 35 U.S.C. § 1 *et seq.*

(ii)    A decree that Mr. Hyatt is entitled to receive a U.S. patent for the subject matter claimed in the '398 application.

- 4 -

(iii)    A decree authorizing the Director of the United States Patent and Trademark Office to issue a patent for the subject matter claimed in the '398 application, pursuant to 35 U.S.C. § 145.

(iv)    Such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

Michael L. Martinez (D.C. Bar No. 347310)
Michael I. Coe (D.C. Bar No. 479231)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
mmartinez@crowell.com
mcoe@crowell.com

Counsel for Plaintiff Gilbert P. Hyatt

Of Counsel:

Gregory L. Roth  (D.C. Bar No.  447558)
Law Office of Gregory L. Roth
5712 Parkwest Circle
La Palma, California 90623
(714) 521-1333

Dated:  September 25, 2009